FILED

MAR 03 2026

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 2:26-cr-42 |
| CARLOS CAUDILLO<br>ALEXIS URIBE-DIAZ<br>MATTHEW TA<br>THUC LA<br>ALYSSA MURRIETTA | **[UNDER SEAL]** |

**INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Nicole Vasquez Schmitt, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a three-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT(S) | OFFENSE/DATE | TITLE/SECTION | DEFENDANT(S) |
|---|---|---|---|
| One | Conspiracy to Distribute and Possess with the Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine<br><br>From February 2020 to May 2024 | 21 U.S.C. § 846 | CAUDILLO (500 grams or more)<br>URIBE-DIAZ (quantity) |

| | | | |
|---|---|---|---|
| Two | Conspiracy to Commit Money Laundering<br><br>From February 2022 to February 2025 | 18 U.S.C. § 1956(h) | TA<br>LA<br>MURRIETTA |
| Three | Money Laundering<br><br>From February 13, 2025 to February 15, 2025 | 18 U.S.C. § 1956(a)(3)(B) | TA<br>LA |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of conspiracy to distribute and possess with the intent to distribute 500 grams or more (CAUDILLO) or a quantity (URIBE-DIAZ) of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, to be established, the government must prove the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to distribute and possess with the intent to distribute a controlled substance.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

4. That methamphetamine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

5. In order to subject defendant CAUDILLO to the penalties set forth in 21

U.S.C. § 841(b)(1)(A)(viii), the government must prove that the amount of methamphetamine attributable to CAUDILLO, as a result of his conduct and the conduct of coconspirators that was reasonably foreseeable to him, was 500 grams or more.

**B. As to Count Two:**

In order for the crime of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), to be established, the government must prove the following essential elements beyond a reasonable doubt:

1. That a conspiracy to launder money, as charged in the Indictment, was entered into by two or more people.

2. That the defendant knew the purpose of the conspiracy.

3. That the defendant deliberately joined the conspiracy.

**C. As to Count Three:**

In order for the crime of money laundering, in violation of 18 U.S.C. § 1956(a)(3)(B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant conducted or attempted to conduct a financial transaction.

2. That the financial transaction involved property which was represented by a person at the direction of or with the approval of a Federal official authorized to investigate or prosecute violations of Title 18, United States Code, Section 1956 to be proceeds of specified unlawful activity.

3. That the defendant acted with the intent to conceal or disguise the nature, location, source, ownership or control of property believed to be proceeds of the specified unlawful activity.

## III. PENALTIES

**A. As to Count One (as to CAUDILLO): Conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. § 846):**

1. A term of imprisonment of not less than ten (10) years to a maximum of life.
2. A fine not to exceed $10,000,000.
3. A term of supervised release of at least five (5) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1. A term of imprisonment of not less than fifteen (15) years to a maximum of life.
2. A fine not to exceed $20,000,000.
3. A term of supervised release of at least ten (10) years.

If the defendant has two (2) or more prior convictions for a serious drug felony or a serious violent felony that is final:

1. A term of imprisonment of not less than twenty-five (25) years to a maximum of life.
2. A fine not to exceed $20,000,000.
3. A term of supervised release of at least ten (10) years.

**B. As to Count One (as to URIBE-DIAZ): Conspiracy to distribute and possess with the intent to distribute a quantity of mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. § 846):**

1. A term of imprisonment of not more than twenty (20) years.

2. A fine not to exceed $1,000,000.

3. A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not more than thirty (30) years.

2. A fine not to exceed $2,000,000.

3. A term of supervised release of at least six (6) years.

**C. As to Counts Two and Three: Conspiracy to commit money laundering (18 U.S.C. § 1956(h)) and Money laundering (18 U.S.C. § 1956(a)(3)(B)):**

1. A term of imprisonment of not more than twenty (20) years.

2. A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater.

3. If the sentence includes a term of imprisonment, the Court may impose a period of supervised release of not more than three (3) years (18 U.S.C. § 3583).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. <u>FORFEITURE</u>

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney

*<u>/s/ Nicole Vasquez Schmitt</u>*
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316